FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JAN 1 0 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LENFORD HINDS,

                Plaintiff,

-against-

OPTION ONE MORTGAGE CORP., and
WELLS FARGO BANK,

                Defendants.
-------------------------------------------------------------------X

**ORDER**

11-CV-6149 (NGG) (RER)

NICHOLAS G. GARAUFIS, United States District Judge.

On December 19, 2011, pro se Plaintiff filed suit against Defendants alleging violations of federal and state law arising out of a state court foreclosure proceeding in which, due to Plaintiff's failure to timely appear, his property located at 108-24 221st Street, Queens Village, New York was foreclosed upon and sold. (See Compl. (Dkt. 1) ¶¶ 1, 17, 35, 37; Laura Decl., Exs. 4 (Dkt. 22-5), 6 (Dkt. 22-7); Belinfanti Decl., Ex. F (Dkt. 19-6).)

On May 23, 2012, Defendants moved to dismiss the Complaint for lack of jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (See Wells Fargo Mot. to Dismiss (Dkt. 18); Option One Mot. to Dismiss (Dkt. 22).[1]) The court referred this motion to Magistrate Judge Ramon E. Reyes for a report and recommendation ("R&R") under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Mar. 9, 2012, Order (Dkt. 17).)

---

[1] Although the court notes that Option One Mortgage Corp. is now known as Sand Canyon Corporation (see Laura Decl. (Dkt. 22-1) ¶ 1), and Wells Fargo Bank's proper title is Wells Fargo Bank N.A., the court uses the names identified in the Complaint for consistency.

1

On December 6, 2012, Judge Reyes issued his R&R, recommending that the court grant the Defendants' motions in their entirety. (See R&R (Dkt. 26).) Because the R&R was not mailed to Plaintiff until December 18, 2012, his time to object to the R&R was extended to January 4, 2013.

No party has objected to Judge Reyes's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 17 ("Any objection to this Report and Recommendation must be filed . . . within fourteen days of receipt hereof.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

Accordingly, Defendants' motions to dismiss are GRANTED. The Complaint is DISMISSED with prejudice, as any attempt to amend would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 110-12 (2000).

SO ORDERED.

Dated: Brooklyn, New York
January 7, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge